FILED
March 26, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

# Statement of Case

RECEIVED
MAR 19 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Appellant, Kirt Allen Esthay, was charged with aggravated Assault with a deadly weapon a 2nd degree Felony, for an offense alleged to have occurred on August 24, 2013. The indictment (C.R. P.7 also Contained an Enhancement Paragraphs, therefore raising the Possible Punishment of 25 to 99 years or life. The case was tried before a Jury beginning February 17, 2014. The Jury returned a verdict of guilty on February 18, 2014. The Appellant Pled true to both enhancements and the Appellant was sentenced to Twenty Five (25) years in the Texas Department of Criminal Justice Institutional Division by the Court. The Court also Found that the Defendant used or exhibited a deadly weapon. (Judgement (C.R. P.101.)

# Issues Presented

1) The State Failed to Prove beyond a reasonable doubt that the said weapon used in the Commission of said offense was a deadly weapon.

2) The state failed to Prove Intent.

3.) The State failed to Prove a Threat had had been made beyond a reasonable doubt.

4) The state failed to Prove a threat with intent for imminent bodily injury.

5) The State failed to Prove an assault was Committed.

6) The evidence is legally insufficient To support the conviction.

7) Denial of Due Process under the fourteenth amendment.

8) The evidence is factually insufficient To Support conviction.

9) Prosecutional misconduct.

10) Ineffective assistance of counsel.

11) Inconsistent and contradicting Testmony of states witnesses

# STATEMENT OF THE EVIDENCE

On August 24, 2013 the Eola Volunteer Fire department held a Trap shoot to raise Funds for their department. The State called Staci Dorotik who was the dispatcher For The Fire department she testified at some point during the day the Appellant, Kirt Allen Esthay had showed up and he reeked of Alcohol. Appellant was said to have been causing trouble, bouthering People Participating. Mrs Dorotik claims Appellant had been tring To Talk with her (3RR 27; 10-11) Mrs Dorotik testified she had told Appellant to leave her alone and to leave. STATE asked Mrs Dorotik if the Person she had Just described in court Today, Mrs Dorotik was unable to Identify Appellant, ontill state Lead her there (3RR 28; 15-25) (3RR 29; 2-14;) Defense did not object. Mrs Dorotik Testified that she loaned her Phone To someone so that they could call the Police for her. she claimed it was close to dark and they were tearing everything down.

Mrs Dorotik testified that this all happened about 8:00 Pm Maybe 9:00 Pm and Appellant was still there off and no, she hadn't Know what happened when Appellant wasn't there any longer. (3RR 35; 7-18)

State called Deputy Maritz, she testified That she had been dispatched around 6:35 P.M. (3RR 92; 11-19) Mr Cervantes Testified That This all happened 1:00 Pm (3RR 57; 10-12) Mr Luna Testified this had happened 4:00 Pm 4:30. (3RR 83; 16-21') Officer Georgina Maritz Testified she arrived at approximately 6:53 Pm (3RR 119; 1-3') Officer Testified on arriving at Trap shoot she Placed Appellant in handcuffs and sat him down on the ground, She also had talk To a lady by the name of staci Dorotik whilE Appellant was handcuffed and sitting on the ground (3RR 96; 1-2) (3RR 108; 17-25') State calls Staci Dorotik Mrs Dorotik was asked if the Person she had Just described was in Court (3RR 28; 15-18) Mrs Dorotik was unable to Identify Appellant in Open Court without being lead by the state. (3RR 28; 19-25)

# SUMMARY OF THE ARGUMENT

STATE Failed To Prove deadly weapon was used in the commission of said offense. The state also failed to Prove The Intention To use the said weapon. The State failed To show Appellant had threaten Michael Cervantes. The State failed To Prove a threat with Intention to cause imminent bodily injury.

Also the evidence is legally insufficient To support the conviction. Denial of Due Process under the 6 sixth and 14 fourteenth Amendment. The evidence is factually insufficient to support conviction. Prosecutional Misconduct, Knowingly use of Perjured testimony. Ineffective assistance of counsel, as well as contradicting testmony. And finilly, a Knife is not automatically a deadly weapon.

## APPlication

The State did not establish that the Knife in said assault was a deadly weaPon. The state did not Produce a weaPon. The state didn't Produce a descriPtion of the weaPon. The state did not Produce exPert testimony that a weaPon similAr weaPon that of what was said of Knife, to be a deadly weaPon. See Rogers v State, 877 S.w. 2d 498, 500 (Tex. APP- ForT Worth 1994 Pet refd) It is a fundamental rule of criminal law that one cannoT be convicted of a crime unless it is shown beYond a reasonable doubt that the defendant committed each elemend, XIV; Tex code crim Proc. Ann.art. 38,03 (vernon SuPP 2008.) Tex Penal code Ann. § 2.01 Evidence is legally insuFicient iF when viewed in a light most Favorable to the Prosecution, a rational trier of fact could noT have found each element of the oFFense beYond a reasonable doubt. JacKson V. Virginia, 443 US. 307, 318, 99 S.Ct 2781, 2789, 61 L. Ed 2d 560, 573 (1979); Laster V. State, 275 S.w. 3d 512, 517 (Tex crim APP 2009)

Mrs Dorotik could not Identify Appellant in Open Court without being Lead by the State (3RR 28; 19-25;) Appellants Fourteenth Amendment Prohibits a Conviction except upon Proof beyond a reasonable doubt of every fact necessary to constitute the Crime with which a defendant is charged. Jackson V. Virginia, 443 U.S. 307, 315 (1979) The necessary elements in this case that was not Proven beyond a reasonable doubt was the Credibility of the states witnesses testimony. Comming out of the gate, State already made a Substantial showing of denial of constitutional right, under the Sixth and fourteenth amendment. State witness testifying Voluntarily about Prior Criminal record. Michael cervantes and Guadalupe Luna Jr. (3RR 39; 4-21) (3RR 67; 3-20) And officer Maritz Georgino should have also been impeached for falsely testifying (3RR85; 17-22) (CR; 8;) Petitioner's Factual Sufficiency arguments are based on the fact of the record for Appeal. Defendants Counsel's Performance was defendant by the sixth and fourteenth amendment and counsel errors were so Serions

STATES witness Michael Cervantes Testified That APPellanT had gotten Pushy abouT a Job, and that made him mad. So he tells APPellanT he's not going to helP him with a Job, and then he told aPPellanT to leave. APPellanT starTs walKing oFF and so Mr Cervantes calls his wiFe and tells her APPellanT was bothering him. Mr Cervantes TesTified APPellanT hadnTreally walked oFF, aPPellanT was Just at the back oF his truck along with the Kids, but he didnT Know aPPellanT was there. So most have heard him on the Phone while talKing To his wiFe From the inside oF his truck. (3RR46; 3-13)(3RR47; 13-15) (3RR49; 16-18)

Mr Cervantes testified that APPellanT Told him he didnt liKe what he said and so aPPellanT tells him we can Finish this now, and APPellanT Pulls ouT the Knife. APPellanT conFronts him as soon as he gets ouT oF his truck. Mr Cervantes Kids were said to be Playing iNj the back of the truck, but Mr Cervantes testified ThaT he had some StuFF From worK, some wooden StaKes and so he gets a couPle of stakes ouT to KeeP aPPellanT away. (3RR46; 11-13) (3RR47; 17-19)(3RR49; 16-19)(3RR49; 20-25)

Mr Cervantes testified that once the sheriffs department showed up he did not come out not ontill everything was over (3RR53; 19-20) Mr Cervantes turned around and testified that he did not come back out untill the sheriff showed up. (3RR60; 8-9) Mr Cervantes testified that Luna tried to make Appellant put the knife away. and get Appellant to go inside Mr Cervantes wants to make sure he covers all grounds, he also testified That Mr Luna gets Appellant to go back where they were because he went inside. (3RR 52; 21-23) The state start testifying for witness (3RR52; 24-25) (3RR 53; 1-11) Mr Cervantes testified that Mr Luna escorted Appellan back to his house, but he's not sure. But Mr Luna go's back to the clay shoot. (3RR53; 8-10) Mr Luna Testified. That once he arrived he told Appellant, whats going on and that Appellant and Mr Cervantes was Just Talking. Mr Luna Testified he told Mr Cervantes to go inside and told Appellant To leave because he was going to call the law, and when they started separating he toke off. to go call the cops. 3RR53; 8-20)

as to deprive the defendant of a fair trial with a reliable result.

PRAYER

Appellant respectfully prays that the Court reverse his conviction for Aggravated Assault with a Deadly weapon.

respectfully submitted

Kirt Allen Esthay
Pro SE, T.D.C.J, No. 1919078
3060 F.M. 3514
Beaumont, Tx 77705

CERTIFICATE OF Service

I Certify that a true Copy was served on by Placing a Copy in the US. Mail addressed To George MCCREA 13483000 Tom Green County District Attorney's Office. 124 W. BeauRegard San Angelo, Texas 76903 on this the 26th day of February 2015.

Kirt A Esthay
RELATOR



RECEIVED
MAR 1 9 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## INSTITUTIONAL DIVISON

Mark W. Stiles Unit
Law Library

3060 FM 3514
Beaumont, Texas 77705
(409) 722-5255 ext. 314

To Whom It May Concern,

Under both federal law (28 U.S.C. § 1746) and state law (V.T.C.A. Civil Practice and Remedies Code § 132.001 -- 132.003) inmates incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath of affidavit sworn before an Notary Public.

Documents for which notarization is requested by an attorney, and documents destined to another state-or-country-requested-by-an-attorney,-and-documents-destined-to-another-state-or-country requiring notary service shall continue to require notary public service.

Inmates requesting notary public service must explain in their request why an unsworn declaration will not be sufficient for the document to proceed. Otherwise, notary public service will be denied.

This document acknowledges _Kirt A Eastway_ , TDCJ-CID # _1919078_ is presently incarcerated within the Texas Department of Criminal Justice-Correctional Institutions Division at the Mark W. Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705 in Jefferson County, Texas and therefore cannot have documents notarized that do not fit the above criteria. (Example: proxy marriage forms, affidavits, etc.).

*NOTE: Nor are we permitted to make photocopies of Offender Identification cards.*

UNSWORN DECLARATION-2

CIRT A Estha Y #191907B
3060 F.M 3514 4G351
BEAUMONT TX 77705

COURT OF APPEAL
THIRD DISTRICT
P.O. BOX 12547
AUSTIN TEXAS 78711-2547

